UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PIERRE-JONES,<br><br>        Plaintiff,<br><br>  v.<br><br>JEREMY DEFRANCO,<br><br>        Defendant. | Case No.: 1:24-cv-00904-KES-CDB (PC)<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(Doc. 31) |

Plaintiff David Pierre-Jones ("Plaintiff") is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Jeremy DeFranco. (Doc. 5).

**Background**

On November 7, 2024, Deputy Attorney General Norma Morales filed Defendant's answer. (Doc. 16). Therein, Defendant asserted a number of affirmative defenses, including that Plaintiff failed to exhaust administrative remedies. *Id.* at 6. After a brief stay of the action to facilitate possible early alternative dispute resolution, on December 30, 2024, the Court issued its Discovery and Scheduling Order. (Doc. 23). Relevant here, the deadline for Defendant's filing of any motion for summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust administrative remedies is April 30, 2025. (*Id.* ¶ 6).

On March 6, 2025, Deputy Attorney General Elise Thorn filed a notice of appearance designating herself as counsel for service on behalf of Defendant and requesting that Ms. Morales be terminated. (Doc. 30).

Pending before the Court is Defendant's motion to modify the Discovery and Scheduling Order, timely filed on April 14, 2025. (Doc. 31). Defendant seeks to extend the deadline to file motions for summary judgment under Rule 56 for failure to exhaust administrative remedies to June 30, 2025. (*Id.* at 1). The motion is supported by the Declaration of counsel for Defendant, Ms. Thorn. (*Id.* at 5). Ms. Thorn was assigned to represent Defendant on March 5, 2025. (*Id.* ¶ 2). She declares she has reviewed available records in the file but the records do not contain all of the records related to Plaintiff's inmate grievances, and she has requested that the Department of Corrections and Rehabilitation provide her with any and all records related to any inmate grievances and appeals filed by Plaintiff from February 2024 through July 2024. (*Id.* ¶ 3). She declares she needs time to review such records in order to determine whether Plaintiff properly exhausted his administrative remedies as alleged in the complaint, and therefore makes the request for extension of the deadline to file dispositive motions on the basis of exhaustion in good faith and not for the purpose of delay. (*Id.* ¶¶ 3-4).

**Governing Authority**

District courts have broad discretion to manage discovery and to control the course of litigation under Rule 16 of the Federal Rules of Civil Procedure. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). A scheduling order may be modified only upon a showing of good cause and by leave of Court. Fed. R. Civ. P. 6(b)(1)(A), (b)(4); *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In considering whether a party moving for a schedule modification has shown good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A).

///

**Discussion**

Defendant has failed to carry his burden of demonstrating due diligence and good cause to warrant granting the requested extension of time. Specifically, notwithstanding Defendant's assertion in his answer of an affirmative defense of failure to exhaust administrative remedies, during her four-month tenure as counsel for Defendant following the filing of the answer on Defendant's behalf, Ms. Morales apparently did not obtain and/or review documents sufficient to identify Plaintiff's lodging of grievances during the relevant period. This is the only reasonable inference the Court may draw based on the half-page declaration of Ms. Thorn, in which counsel attests she requested documents from the Department of Corrections and Rehabilitation after her assignment to the action on March 5, 2025. (Doc. 31 at 5 ¶¶ 2-3). While there may be some explanation for Defendant's delay in requesting documents to support the exhaustion affirmation defense sufficient to establish good cause to grant the requested extension, no such explanation is offered in Defendant's motion. And while denying the requested extension arguably results in a harsh outcome here, parties are responsible for the actions of their chosen counsel. *See Yeager v. Yeager*, No. 2:06-cv-001196-JAM-EFB, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (noting that parties who voluntarily retain counsel are responsible for and cannot avoid the consequences of their counsel's acts and omissions) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.")).

**Conclusion and Order**

Accordingly, Defendant's motion to modify the Discovery and Scheduling Order (Doc. 31) is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 16, 2025**

UNITED STATES MAGISTRATE JUDGE

3