UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PIERRE-JONES,<br><br>      Plaintiff,<br><br>  v.<br><br>JEREMY DEFRANCO,<br><br>      Defendant. | Case No.: 1:24-cv-00904-KES-CDB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 33) |

Plaintiff David Pierre-Jones ("Plaintiff") is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Jeremy DeFranco. (Doc. 5).

**I.   BACKGROUND**

On December 30, 2024, the Court issued its Discovery and Scheduling Order. (Doc. 23). On May 5, 2025, Plaintiff filed a motion for appointment of counsel. (Doc. 33). The Court deems a response by Defendant to be unnecessary before ruling on the motion.

**II.  DISCUSSION**

   **A.   *Applicable Legal Standards***

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d

1  952, 954 n.1 (9th Cir. 1998).  Nor can the Court require an attorney to represent a party under 28
2  U.S.C. § 1915(e)(1).  *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 304-05 (1989).  However, in
3  "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant
4  to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

5  Given that the Court has no reasonable method of securing and compensating counsel, the
6  Court will seek volunteer counsel only in extraordinary cases.  In determining whether "exceptional
7  circumstances exist, a district court must evaluate both the likelihood of success on the merits [and]
8  the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal
9  issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

10  **B.**     *Analysis*

11  First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his
12  claims.  *Rand*, 113 F.3d at 1525.  Although Plaintiff's complaint was screened and Defendant has
13  filed an answer to the complaint, a likelihood of success on the merits determination is not the same
14  as that required at screening.  At screening, the Court is tasked with determining whether a plaintiff
15  has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief.
16  Further, the merits of the allegations are not tested, for the Court is to consider factual allegations
17  to be true for purposes of screening.  A merits-based determination largely is premature as
18  discovery is ongoing in this action, particularly given Plaintiff's conclusory argument that his
19  "allegations, if proved, could clearly establish a constitutional violation." (Doc. 33 at 6).

20  Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light
21  of the complexity of the legal issues involved.  *Rand*, 113 F.3d at 1525.  In this case, the Court
22  notes that Plaintiff's filings reflect he is logical and articulate.  (*See, e.g.*, Docs. 1, 33); *see LaMere*
23  *v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for
24  appointment of counsel, where pleadings demonstrated petitioner had "a good understanding of the
25  issues and the ability to present forcefully and coherently his contentions").  Further, neither the
26  claims asserted nor the relevant events and transactions are complex.  *See Bonin v. Vasquez*, 999
27  F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court
28  does not find the issues in this case "so complex that due process violations will occur absent the

1    presence of counsel"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (explaining that
2    "[a]lthough discovery was essential … the need for such discovery does not necessarily qualify the
3    issues involved as 'complex'").  Indeed, an Eighth Amendment deliberate indifference to serious
4    medical needs claim such as that presented here is not complex.  *See Maldanado v. Merritt*, No.
5    1:23-cv-00482-JLT-SKO (PC), 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth
6    Amendment deliberate indifference to serious medical needs claims are not complex"); *Lane v.*
7    *Beach*, No. 1:20-cv-00147-JLT-GSA (PC), 2023 WL 4936300, at *1 (E.D. Cal. Aug. 2, 2023)
8    (same); *Ireland v. Solano Cnty. Jail,* No. CV-08-2707-LRS, 2010 WL 367776, at *1 (E.D. Cal. Jan.
9    26, 2010) (same).  In short, the Court finds Plaintiff able to articulate his claims in light of their
10   complexity.

11        To the extent Plaintiff relies upon his indigency and incarceration to support his motion,
12   those circumstances do not qualify as exceptional circumstances warranting the appointment of
13   counsel.  *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan.
14   25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil
15   rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal.
16   Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of
17   success on the merits or his ability to articulate his claims pro se"); *Robinson v. Cryer*, No. 1:20-
18   cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is
19   proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face").
20   *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10,
21   2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of
22   legal expertise warrant the appointment of counsel"); *Galvan v. Fox*, No. 2:15-CV-01798-KJM
23   (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) (same).

24        Further, Plaintiff is advised the fact an attorney may be better able to perform research,
25   investigate, and represent Plaintiff during trial does not amount to an exceptional circumstance.
26   *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district
27   court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-
28   particularly in the realm of discovery and the securing of expert testimony"); *Wilborn v.*

*Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (same); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. Here, no exceptional circumstances exist warranting the appointment of counsel.

### III. CONCLUSION AND ORDER

Accordingly, for the reasons given above, it is **HEREBY ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 33) is **DENIED**.

IT IS SO ORDERED.

Dated: **May 12, 2025**

UNITED STATES MAGISTRATE JUDGE

4