UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PIERRE-JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>JEREMY DEFRANCO,<br><br>        Defendant. | Case No.: 1:24-cv-00904-CDB (PC)<br><br>ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO FILE AN OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 38, 40-42)<br><br>**14-DAY DEADLINE** |

**Relevant Background**

Plaintiff David Pierre-Jones ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Jeremy DeFranco. (Doc. 5). On December 30, 2024, the Court issued its Discovery and Scheduling Order, setting forth discovery dates and deadlines, including, relevant here, the dispositive motion deadline on November 10, 2025. (Doc. 23). On November 10, 2025, Defendant filed the pending motion for summary judgment. (Doc. 38).

On November 12, 2025, Plaintiff filed a notice of change of address to West Valley Detention Center, 9500 Etiwanda Blvd., Cucamonga, California 91739. (Doc. 39). On November 13, 2025, Defendant filed a notice of service and lodging of deposition transcript, representing that

Defendant served Plaintiff by U.S. Mail at his updated address with a copy of the full transcript of Plaintiff's deposition taken on August 26, 2025, as well as Defendant's pending motion for summary judgment and related filings thereto. (Doc. 40).

In light of Plaintiff's notice of change of address, and out of an abundance of caution, on December 12, 2025, the Court ordered Defendant to file within five (5) days of entry of the order proof of service upon Plaintiff of the pending motion for summary judgment at Plaintiff's updated address and ordered Plaintiff to file any opposition or statement of non-opposition to the motion within 21 days from the filing of Defendant's proof of service. (Doc. 41) (citing Local Rule 230(l)). That same day, Defendant filed a response to the order, clarifying that its notice of service filed on November 12, 2025, confirms that Defendant served Plaintiff with the pending motion on November 12, 2025, at his updated address. (Doc. 42). Therefore, Plaintiff's opposition or statement of non-opposition was due no later than December 8, 2025. *See* Local Rule 230(l) & Fed. R. Civ. P. 6(a) & (d).

### Order to Show Cause

The deadline by which Plaintiff was required to respond to Defendant's motion for summary judgment has passed and Plaintiff has not filed any response, sought an extension, or otherwise explained the delinquency.

Rule 56 of the Federal Rules of Civil Procedure concerns summary judgment. It provides, in relevant part:

> **Failing to Properly Support or Address a Fact**. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). This Court's Local Rules, corresponding with Federal Rule of Civil

Procedure 11, provide that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See* Local Rule 110. Further, Local Rule 230 states:

> Opposition, if any to the granting of a motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

Local Rule 230(*l*). Therefore, Plaintiff's opposition or statement of non-opposition to Defendant's pending motion for summary judgment was due on or before December 3, 2025, plus time for mailing (*e.g.*, on or before December 8, 2025). Plaintiff has failed to timely file an opposition or statement of non-opposition, and the time to do so has now passed.

**Conclusion and Order**

Accordingly, the Court HEREBY ORDERS Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why sanctions should not be imposed for his failure to comply with the Local Rules. Alternatively, within that same time, Plaintiff may file an opposition or statement of non-opposition to Defendant's motion for summary judgment filed November 10, 2025 (Doc. 38), that was re-served on Plaintiff at his updated address on November 12, 2025 (Doc. 40).

**Any failure by Plaintiff to respond to this Order will result in a recommendation to dismiss this action for failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **December 15, 2025**            _____
UNITED STATES MAGISTRATE JUDGE

3